# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SINJIN HOWERTON,        ) | |
|                 ) | Case No.: 2:13-cv-00874-GMN-VCF |
|          Plaintiff,   ) | |
| vs.              ) | **ORDER** |

SINJIN HOWERTON,

          Plaintiff,

vs.

NICOLE GONZALES, in her individual and official capacities; KEM DELEONARD, in his individual and official capacities; PHILLIP GLOVER, in his individual and official capacities; JEFFREY GOODWIN, in his individual and official capacities; BYRON GRAY, in his individual and official capacities,

         Defendants.

Case No.: 2:13-cv-00874-GMN-VCF

**ORDER**

Pending before the Court is the Motion to Set Aside Default (ECF No. 10) filed by Defendants Nicole Gonzales, Kem Deleonard, Phillip Glover, Jeffrey Goodwin, and Bryon Gray (collectively, "Defendants"). Defendants are all officers with the Las Vegas Metropolitan Police Department ("LVMPD"). Defendants request the Clerk's Entry of Default (ECF No. 9) entered on June 21, 2013 be set aside.

Also pending before the Court is the Motion to Dismiss for Failure to Comply with the Federal Rules of Civil Procedure (ECF No. 12) filed by Defendants. Plaintiff Sinjin Howerton ("Plaintiff") has failed to file a response in opposition to either motion.

For the following reasons, the Court will **GRANT** Defendants' Motion to Set Aside Default (ECF No. 10) and will also **GRANT** Defendants' Motion to Dismiss for Failure to Comply with the Federal Rules of Civil Procedure (ECF No. 12) without prejudice.

## I.   <u>BACKGROUND</u>

Plaintiff commenced the instant action on May 17, 2013 by filing his Complaint. (ECF No. 1.)  In his Complaint, Plaintiff brings several claims under 42 U.S.C. § 1983, alleging that Defendants deprived him of his Constitutional rights under the First, Fourth, and Fourteenth Amendments. (*Id.*  ¶¶ 41-58.)  Plaintiff also alleges claims against Defendants for assault and battery, negligence, false imprisonment, and intentional infliction of emotional distress. (*Id.*  ¶¶ 59-68.)  All of these claims stem from an alleged traffic stop on November 25, 2012, initiated by Defendant Gonzales while Plaintiff was driving his fiancée on his moped. (*Id.*  ¶¶ 9-36.)

Proof of Service of the Complaint (ECF Nos. 6, 8) was filed on June 20, 2013, indicating that Defendants had been served on May 21, 2013 with service of the summons being accepted by "Sarah – front desk."  That same day, the Court Clerk made of Entry of Default (ECF No. 9) resulting from Defendants' failure to respond to the Complaint.

On June 26, 2013, Defendants filed a Motion to Set Aside (ECF No. 10) seeking to set aside the Clerk's Entry of Default on the grounds that service was improper and Defendants have meritorious defenses.  Defendants' Motion to Set Aside (ECF No. 10) was served on Plaintiff's address and returned "attempted not known."  On August 26, 2013, Defendants filed a Notification of Returned Mail (ECF No. 11) and a Motion to Dismiss for Failure to Comply with the Federal Rules of Civil Procedure. (ECF No. 12.)  That same day, Defendants also filed a Notice of Non-Opposition to Defendants' Motion to Set Aside Default (ECF No. 13.)

## II.   <u>DISCUSSION</u>

### A.  Motion to Set Aside Default

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Furthermore, under Rule 55(c), "[t]he court may set aside an entry of default for good

cause….” Fed. R. Civ. P. 55(c).  “To determine 'good cause,' a court must 'consider[] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party.” *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citation omitted).  A determination that one of these three factors is present “is sufficient reason for the district court to refuse to set aside the default.” *Id.*  However, a clerk's entry of default is “void *ab initio*” if the purported defaulting party actually appeared in the action. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004) (citation omitted).  Above all, “judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.” *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091 (citation omitted).

The default here was not the result of culpable conduct on the part of Defendants. Plaintiff's Proof of Service supporting his Request for Entry of Default (ECF Nos. 6-8) indicates that the process server attempted to serve each Defendant by delivering a copy of the Summons and Complaint to “Sarah – front desk.”  According to Defendants, “Sarah – front desk” is a civilian employee of LVMPD who does not work in the LVMPD Risk Management Section and is not authorized to accept service on behalf of the department or its individual officers. (ECF No. 10 3:4-16.)  Furthermore, the individual Defendants were not personally served, nor does it appear that copies of the Summons or Complaint were left at their dwellings. Therefore, service here appears to be improper under Rule 4(e)(2). *See* Fed. R. Civ. P. 4(e)(2); *see also* Nev. R. Civ. P. 4(6).

Moreover, the Proof of Service only indicated that “Sarah – front desk” was authorized to accept service on behalf of LVMPD, not the individual Defendants. (ECF Nos. 6, 8.) However, even if “Sarah – front desk” had been authorized to accept service on behalf of

LVMPD, service on the police department would still not have constituted valid service on the individual officers. *See Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987)).

When the Risk Management Section did finally obtained copies of the Summons and Complaint, they sent a letter to Plaintiff advising him of the proper method for effecting service. (Letter to Plaintiff, Ex. B, ECF No. 10.)  Rather than properly serve Defendants, however, Plaintiff filed his Request for Entry of Default (ECF No. 7), to which Defendants promptly responded with their Motion to Set Aside Default (ECF No. 10.)  Therefore, the default here is not the result of any culpable action or inaction on the part of Defendants.

Defendants have set forth enough facts in their motion to demonstrate that they have a meritorious defense based on qualified immunity.  To the extent that Defendants' defenses are not sufficiently specified in its motion, the Court finds that any doubt can be adequately resolved in Defendants' favor so that the case may be decided on the merits.

Plaintiff would not be prejudiced if the judgment is set aside.  Defendants filed their Motion to Set Aside Default (ECF No. 10) six days after the Clerk's Entry of Default (ECF No. 9) was entered and at the very beginning of litigation.  There is no indication that Plaintiff's ability to litigate this case has become impaired or that relevant evidence as become unavailable since entry of default.  Furthermore, Plaintiff has failed to file a response to Defendants' motion, and Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).

Accordingly, the Court finds that Defendants have successfully demonstrated that the default was not a result of their culpable conduct, that they have a meritorious defense, and that Plaintiff would not be prejudiced if the judgment is set aside.  Therefore, Defendants' Motion to Set Aside Default (ECF No. 10) is **GRANTED**.

### B.  Motion to Dismiss

This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Local Rule of Special Proceedings and Appeals 2-2 provides that a *pro se* plaintiff "shall immediately file with the Court written notification of any change of address," and that "[f]ailure to comply with this Rule may result in dismissal of the action with prejudice." D. Nev. L.S.R. 2-2.

As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g.*, *Roberts v. United States of America*, No. 2:01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules or for failure to prosecute, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Under this test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Also, the Court's need to manage its docket is manifest. *See State Farm Mut. Auto. Ins. Co. v. Ireland*, No. 2:07-cv-01541-RCJ-RJJ, 2009 WL 4280282 (D. Nev. Nov. 30, 2009).  Further, Plaintiff's failure to timely respond to Defendants' motion unreasonably delays the resolution of this case, and such unreasonable delay "creates a presumption of injury to the defense." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  A less drastic sanction available to the Court is to dismiss Plaintiff's Complaint without prejudice.

The fifth factor also does not weigh in favor of Plaintiff because it is unclear whether this case was likely to be decided on the merits.  Plaintiff brought this lawsuit, but he has failed to take any action beyond failing the Complaint (ECF No. 1) and Request for Entry of Default (ECF No. 7.)  Furthermore, as noted above, Plaintiff has also failed to even properly serve Defendants.  Accordingly, the Court concludes that consideration of the five factors discussed above weighs in favor of dismissal.  However, in consideration of Plaintiff's *pro se* status, the Court will dismiss Plaintiff's Complaint without prejudice.

## III.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Set Aside Default (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to Comply with the Federal Rules of Civil Procedure (ECF No. 12) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without prejudice**.  The clerk shall enter judgment accordingly.

**DATED** this 11th day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge